Burlington Ins. Co. v Kookmin Best Ins. Co., Ltd., (US Branch) (2022 NY Slip Op 06885)

 Burlington Ins. Co. v Kookmin Best Ins. Co., Ltd., (US Branch)

2022 NY Slip Op 06885

Decided on December 06, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 06, 2022

Before: Renwick, J.P., Manzanet-Daniels, Gesmer, Kennedy, Shulman, JJ. 

Index No. 652938/16, 595823/17, 595956/17 Appeal No. 16807 Case No. 2021-04227 

[*1]The Burlington Insurance Company, Plaintiff-Respondent,
v
Kookmin Best Insurance Co., Ltd., (US Branch) etc., et al., Defendants, New York Supermarket East Broadway, Inc., Defendant-Appellant. (A Third-Party Action.)
American Guarantee and Liability Insurance Company, as Subrogee of Winking Group, LLC, Second Third-Party Plaintiff-Respondent,
v
New York Supermarket East Broadway, Inc., Second Third-Party Defendant-Appellant. Index Nos.

Black Marjieh & Sanford LLP, Elmsford (Trisha E. Starkey of counsel), for appellant.
Adrian & Associates, LLC, New York (James M. Adrian of counsel), for The Burlington Insurance Company, respondent.
Coughlin Midlige & Garland LLP, New York (Patrick K. Coughlin of counsel), for American Guarantee and Liability Insurance Company, respondent.

Order, Supreme Court, New York County (Shawn Timothy Kelly, J.), entered on or about April 30, 2021, which, to the extent appealed from, denied the motion of defendant/second third-party-defendant New York Supermarket East Broadway, Inc. (NYSEB) motion to dismiss the claims for contractual indemnity and contribution asserted against it by plaintiff Burlington Insurance Company and second third-party plaintiff American Guarantee and Liability Insurance Company (AGLIC), unanimously affirmed, with costs.
In this declaratory judgment coverage action, which arises from a 2010 accident in which an NYSEB employee was injured at a supermarket operated by NYSEB, NYSEB failed to establish its entitlement to dismissal of the claims for contractual indemnity and contribution. The stipulation discontinuing the underlying personal injury action — under which Burlington and AGLIC, Winking Group LLC's subrogee insurers, together paid the injured plaintiff a portion of the settlement in the amount of $1.1 million — did not include in its caption the third-party action for indemnification filed by Winking against NYSEB, and thus did not serve to discontinue the claims asserted in that third-party action. As a result, the stipulation provides no basis for barring litigation of the related indemnification and contribution claims filed in this separate action by Burlington and AGLIC. In any event, because the insurers' subrogation rights attached upon their payments of the settlement amounts on behalf of Winking, Winking could not, without their express consent, extinguish those rights based on the stipulation of discontinuance that occurred after the settlement and settlement payments were made (see Fasso v Doerr, 12 NY3d 80, 84, 88 [2009]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 6, 2022